**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| MENSUR OMERBASHICH, | DOCKET NUMBER |
| Appellant, | DC-3443-19-0540-I-1 |
| v. | |
| DEPARTMENT OF THE INTERIOR, | DATE: May 15, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Mensur Omerbashich</u>, Sarajevo, Bosnia and Herzegovina, pro se.

<u>Rachel Wieghaus</u>, Esquire, Washington D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his nonselection appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

In March 2019, the appellant applied for the position of Senior Science Advisor with the agency. Initial Appeal File (IAF), Tab 1 at 12. The agency subsequently informed him that he was not selected for the position. *Id.* After learning of his nonselection, the appellant sought to obtain his rating sheet from the agency to learn why he was not selected. *Id.* After first asserting that the information was confidential, the agency ultimately provided him with his rating sheet from his application package. *Id.* at 10-11.

On May 23, 2019, the appellant filed the instant appeal with the Board, arguing that the agency "stonewall[ed his] job application," committed harmful procedural error and prohibited personnel practices, and engaged in violations of the merit systems principles. IAF, Tab 1 at 3, 5. Specifically, the appellant alleged, among other things, that the agency unjustifiably delayed responding to his request for information regarding his application and that it extended the application deadline for a "favored candidate." *Id.* at 5.

The administrative judge recognized that the Board may not have jurisdiction over the appeal. IAF, Tab 3 at 1. He issued an order informing the appellant of the Board's jurisdictional limits and instructing him to file evidence

and argument to prove that the Board has jurisdiction over his appeal or that he is entitled to a hearing on the issue of jurisdiction. *Id.* at 2-3. The appellant responded to the order, disputing that the Board potentially lacked jurisdiction and asserting that the Board's case law on jurisdiction was invalid because it is "outdated." IAF, Tab 4 at 4-5. He also requested that the full Board, and not the administrative judge, review his case and appoint him to the Senior Science Advisor position because two of the three panelists who reviewed his application gave him high marks. *Id.*

Following the appellant's response, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 5, Initial Decision (ID). He noted that the Board typically lacks jurisdiction over nonselection claims and found that the appellant's case did not warrant the application of the limited exceptions to that general rule. ID at 5-7 & n.2. He also found that, absent an otherwise appealable action, the Board lacked jurisdiction over the appellant's harmful procedural error and prohibited personnel practices affirmative defenses. ID at 7.

The appellant has filed a petition for review of the initial decision, arguing again that the administrative judge was biased against and hostile towards him. Petition for Review (PFR) File, Tab 1 at 4. He also argues that the administrative judge should have recused himself because the appellant asked for review by the full Board in his response to the order to show cause. *Id.* He also asserts that the administrative judge acted on behalf of the agency. *Id.* The appellant also resubmits his response to the order to show cause with his petition for review. *Id.* at 5-9.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The Board lacks jurisdiction over the appellant's appeal.</u>

The Board's jurisdiction is not plenary; rather, it is limited to those matters over which it has been given jurisdiction by statute or regulation. 5 U.S.C.

§ 7701(a); *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).[2]  The appellant has the burden of establishing Board jurisdiction by preponderant evidence.  5 C.F.R. § 1201.56(b)(2)(i)(A).  Generally, an unsuccessful candidate for a Federal civil service position has no right to appeal his nonselection. *Kazan v. Department of Justice*, 112 M.S.P.R. 390, ¶ 6 (2009); *see Ellison v. Merit Systems Protection Board*, 7 F.3d 1031, 1034 (Fed. Cir. 1993) (explaining that the Board does not have jurisdiction over a "direct appeal" of a nonselection).  However, the Board has limited jurisdiction to consider nonselection claims under certain circumstances, such as when an appellant alleges that the action was in reprisal for whistleblowing activity, *see* 5 U.S.C. §§ 2302(a)(2)(A)(i), 2302(b)(8)-2302(b)(9), the product of discrimination based on military service, *see* 38 U.S.C. §§ 4311, 4324, in violation of veterans' preference rights, *see* 5 U.S.C. § 3330a(d)(1), or that an employment practice applied to him by the Office of Personnel Management violated a basic requirement in 5 C.F.R. § 300.103, 5 C.F.R. § 300.104(a).

None of the appellant's pleadings make any allegation regarding these potential jurisdictional bases.  IAF, Tabs 1, 4.  We, therefore, agree with the administrative judge that the Board lacks jurisdiction over the appellant's nonselection claim.  ID at 7; *see Ellison*, 7 F.3d at 1034.  The administrative judge was also correct in finding that, absent an otherwise appealable action, the Board lacks jurisdiction to consider the appellant's contention that the agency committed harmful procedural error and prohibited personnel practices.  ID at 7 (*citing Penna v. U.S. Postal Service*, 118 M.S.P.R. 355, ¶ 13 (2012)).  The appellant's petition for review does not challenge these findings, PFR File, Tab 1 at 4, and, therefore, offers no basis to disturb the initial decision.  Nor does his

---

[2] The appellant complained below about the administrative judge's reliance on other than recent case law.  IAF, Tab 4 at 4.  At no point, however, does the appellant cite a legal authority showing that the cases relied upon by the administrative judge have been reversed by the Board or U.S. Court of Federal Appeals for the Federal Circuit. Similarly, the cases cited in this decision, regardless of their age, remain valid precedent.

resubmission on review of his response to the administrative judge's jurisdictional order. *Id.* at 5-6; *see Conley v. Department of the Treasury*, 21 M.S.P.R. 554, 555-56 (1984) (concluding that a resubmission of a brief presented below fails to meet the criteria for review established by 5 C.F.R. § 1201.115).

To the extent that the administrative judge erred in failing to address the appellant's claim that the agency violated the merit system principles, the appellant has not raised this as an issue on review, nor has he shown how any error prejudiced his substantive rights. In the absence of an otherwise appealable action, the Board lacks jurisdiction over claims that an agency violated the merit systems principles. *Solamon v. Department of Commerce*, 119 M.S.P.R. 1, ¶ 14 (2012). Thus, we discern no reason to disturb the initial decision on this basis. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

The appellant's claim of bias on the part of the administrative judge does not warrant reversal of the initial decision.

Although the appellant has set forth in his petition for review several claims regarding bias of the administrative judge, his contentions all involve the manner in which the administrative judge conducted this proceeding below. PFR File, Tab 1 at 4. An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Moreover, in making a claim of bias, an appellant must overcome the presumption of honesty and integrity on the part of the administrative judge. *Scoggins v. Department of the Army*, 123 M.S.P.R. 592, ¶ 19 (2016); *Protopapa v. Department of Transportation*, 14 M.S.P.R. 455, 459 (1983). The fact that the

administrative judge does not accept the appellant's assertions in the fashion the appellant claims is correct does not constitute bias. *Protopapa*, 14 M.S.P.R. at 459.

The appellant's allegations that the administrative judge was hostile towards him and acted on behalf of the agency are unsupported by the record. The administrative judge properly acknowledged the appeal, IAF, Tab 2, and, consistent with Board requirements, issued a comprehensive jurisdictional order informing the appellant of his burdens of proof and affording him an opportunity to submit evidence and argument establishing jurisdiction, IAF, Tab 3. After considering the appellant's jurisdictional response, the administrative judge issued a thorough initial decision. IAF, Tab 4; ID. Further, his contention that the administrative judge should have recused himself from the appeal after the appellant requested that the full Board rule on the jurisdictional issue is inconsistent with the Board's regulations. *See* 5 C.F.R. 1201.41(b) (providing administrative judges with the authority to ensure that the record on significant issues is fully developed and to issue initial decisions).

Based on the foregoing, we deny the appellant's petition of review and affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.